*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. BUGGS, Minor.

UNPUBLISHED
October 13, 2022

No. 360931
Genesee Circuit Court
Family Division
LC No. 21-137130-NA

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order authorizing the petition for removal of the minor child, KB, from her care. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Respondent-mother is a person with a cognitive impairment and she is the subject of an adult guardianship. This case arises in the context of a Child Protective Services (CPS) case involving respondent-mother's older child. In that case, the trial court authorized jurisdiction over respondent-mother's older child following allegations her cognitive impairment limited her ability to adequately care for the child and that respondent-mother left the child with respondent-father who was also unable to care for the child.

During that time, respondent-mother gave birth to KB. The Department of Health and Human Services (DHHS) filed a petition with the trial court seeking jurisdiction over KB. The petition alleged that, as a result of her cognitive impairment, respondent-mother was unable to care for KB—specifically, she could not properly bottle-feed KB and that she did not understand the child's medical needs. The trial court found probable cause for the allegations and authorized the petition. It entered an order removing KB from respondent-mother's care. This appeal followed.

## II. STATUTORY GROUNDS FOR REMOVAL

Respondent-mother argues that the trial court erred in finding statutory grounds to remove KB from her care. We disagree.

## A. STANDARD OF REVIEW

This Court reviews "the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297 (citations omitted). The interpretation of statutes and court rules are reviewed de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

## B. LAW AND ANALYSIS

At the preliminary hearing, "the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." MCR 3.965(B)(12). "If the trial court authorizes the petition at the preliminary hearing, the trial court may release the child to a parent, guardian, or legal custodian, or 'may order placement of the child[.]' " *In re McCarrick/Lamoreaux*, 307 Mich App 436, 448-449; 861 NW2d 303 (2014), citing MCR 3.965(B)(12).

> The court may order placement of the child in foster care if the court finds all of the following conditions:
>
> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.
>
> (b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).
>
> (c) Continuing the child's residence in the home is contrary to the child's welfare.
>
> (d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.
>
> (e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare. [MCL 712A.13a(9).]

To place a child in foster care, the trial court must first make explicit findings that "it is contrary to the welfare of the child to remain at home . . . and reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required." *In re Benavides*, 334 Mich App 162, 168; 964 NW2d 108 (2020), citing MCR 3.965(C)(3) and (4) (quotation marks omitted).

The trial court found that reasonable efforts were made to prevent KB's removal on the basis of "interviews with medical staff, guardians and family members." The trial court also found it was contrary to KB's welfare to return to respondent-mother's care "due to allegations of [respondent-]mother's cognitive impairment and inability to properly care for the child and

[respondent-]mother already has a child in care." Finally, the trial court found that an out-of-home placement was adequate to protect KB's health and welfare.

These findings were supported by evidence in the record. At the preliminary hearing, the trial court was presented with evidence that respondent-mother had a cognitive impairment and was having difficulty understanding KB's medical and feeding needs. The trial court had evidence of a psychological evaluation from the earlier case involving respondent-mother's older child. In that evaluation, the psychologist opined that the child "would be in a high risk of harm" if returned to respondent-mother's care. Further, the trial court was presented with a court report which noted the interviews with family members and others seeking relative-placement of KB. Given this information, it was also reasonable to conclude that returning KB to respondent-mother's care would pose substantial risk of harm, and removal was the only way to mitigate that risk. MCL 712A.13a(9)(a) and (b).

Nevertheless, respondent-mother makes a number of arguments challenging the trial court's findings. She contends there was no evidence that KB faced substantial risk of harm, noting her compliance with the case service plan involving her older child. In making this argument, respondent-mother fails to recognize the risk factors in this case. While respondent-mother's treatment toward her older child is not entirely irrelevant, see, e.g., *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020), there was no evidence in the record to support her assertion. There was, however, evidence that respondent-mother failed to recognize or understand KB's medical needs, and that she could not adequately feed KB. At the time the petition was filed, KB was a two-day-old newborn. Respondent-mother's inability to care for KB posed a serious risk to KB because he could not otherwise feed himself or take care of his medical needs.

Respondent-mother next disputes the trial court's reliance on the psychological report, in which the psychologist opined that the older child would be at risk if left in respondent-mother's care. In her view, this report was outdated and did not adequately reflect her current parenting abilities. This Court may only reverse on the basis of clear error. *In re BZ*, 264 Mich App at 295. There is no evidence in the record demonstrating respondent-mother's parenting abilities had improved to the point where she could safely care for a child—specifically, a newborn child. Thus, we cannot conclude there was a clear error in the trial court's use of the psychological report in support of its order of removal.

Respondent-mother also argues DHHS should have offered in-home services before seeking removal and, by failing to do so, DHHS did not expend reasonable efforts to prevent removal. This argument is abandoned because respondent-mother fails to cite any authority for the proposition that DHHS should have offered in-home services as part of its reasonable efforts. See *Richards v Richards*, 310 Mich App 683, 698; 874 NW2d 704 (2015). Yet, even considering the issue, there is no clear error warranting our reversal. KB was born on March 16, 2022, and the hearing on the petition was conducted on March 18, 2022. During this time, CPS investigators interviewed medical staff and respondent-mother's family to gather information regarding her ability to care for KB. Given this shortened time-frame, it was reasonable to conclude that these efforts were reasonable to prevent removal.

The trial court made the necessary findings, all of which were supported by evidence in the record. Therefore, there is no clear error in the trial court's order removing KB from respondent-mother's care.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron